UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| JULIO CESAR SILVA RODRIGUEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 5:26-cv-04101-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On July 22, 2026, Julio Cesar Silva Rodriguez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, alleging that Respondents continue to deprive him of his physical liberty in violation of the Fifth Amendment and the Immigration and Nationality Act ("INA"). Dkt. 1 ("Petition" or "Pet."). Petitioner filed a prior federal habeas challenge to his detention by immigration authorities. See Silva Rodriguez v. Mullin, et al., Case No. 5:26-cv-03631-JDE (C.D. Cal.) ("Prior Action"). The Prior Action challenged his detention under 8 U.S.C. § 1225(b)(2) and sought release or a bond hearing. Consistent with the Court's order in the Prior Action (id., Dkt. 9), Petitioner received an individualized bond hearing before an immigration

judge ("IJ"), who determined that Petitioner is a flight risk and therefore denied bond. Pet., Exh. A. The instant Petition challenges the IJ's flight risk determination. Petitioner seeks immediate release; a declaration that his detention is unlawful; an order enjoining Respondents from re-detaining him absent constitutionally sufficient procedures consistent with the Fifth Amendment; an order enjoining Respondents from "relying solely or principally upon generalized characteristics common to broad categories of noncitizens"; an order enjoining Respondents from "depriving [him] of his liberty based upon conclusory findings unsupported by meaningful consideration of the entire evidentiary record"; an order retaining jurisdiction over this matter; and attorney's fees and costs. Id. at 43-46. Alternatively, Petitioner requests an order vacating the IJ's determination and requiring Respondents to provide a new custody hearing before a different IJ with the government bearing the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary and a written decision with individualized findings. Id. at 46-47. Respondents filed a Response on July 29, 2026. Dkt. 8. Petitioner filed a Reply the same day. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States in 2004 without inspection. See Pet. ¶ 59, Form I-213. He previously alleged he was detained on June 29, 2026, coming home from work. Prior Action, Dkt. 1 at 7. Now, he claims he was detained during his adjustment of status interview on May 26, 2026, or June 29, 2026. Id. ¶¶ 51, 68. The Form I-213 attached to the Petition reflects he was arrested during a vehicle stop. Pet., Form I-213.

Petitioner filed the Prior Action on July 1, 2026. Prior Action, Dkt. 1. Respondents acknowledged that Petitioner appeared to be a member of the

Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Id., Dkt. 8. On July 14, 2026, the Prior Action was granted, in part, with Respondents ordered to provide Petitioner an individualized bond hearing before an IJ under 8 U.S.C. § 1226(a). Id., Dkt. 9.

Petitioner received a bond hearing on July 21, 2026, at which he was represented by counsel and provided the opportunity to submit evidence. The IJ provided a reasoned decision in accordance with the Court's order. The IJ denied bond, finding that Petitioner was a flight risk. Pet., Exh. A. Although Petitioner reserved an appeal to the Board of Immigration Appeals ("BIA"), he proceeded to file the instant Petition the following day. He raises five claims, alleging: (1) his continued detention violates the Fifth Amendment because Respondents failed to provide the meaningful individualized process required; (2) his continued detention is arbitrary and violates the Fifth Amendment because it no longer bears a reasonable relationship to its regulatory purpose; (3) Respondents continue to deprive him of a judicially recognized liberty interest without constitutionally adequate justification; (4) continued detention exceeds the authority granted by the INA because Respondents failed to exercise the individualized discretion required by 8 U.S.C. § 1226(a); and (5) the great writ requires his immediate release because Respondents have already received a full opportunity to justify continued detention.

## III.

## DISCUSSION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required

when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved an appeal, but

rather than filing an appeal with the BIA, he filed the instant Petition. As noted, the Petition was filed the day after the IJ's bond decision. Petitioner could have waited to file this petition after appealing to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, Petitioner challenges the IJ's alleged failure to "meaningfully evaluate" and "meaningfully weigh[]" the evidence, instead relying on generalized characteristics that are common to other noncitizens. Pet. ¶¶ 43, 86-87, 90, 124, 135, 154-155, 170. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal. The factual record can and should be properly developed by the BIA, particularly given that Petitioner has not otherwise presented any evidence of the bond hearing record. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived in his case. Petitioner contends that his claims "concern the legal sufficiency of the custody determination itself rather than ordinary disagreement with the [IJ's] discretionary weighing of evidence." Reply at 8. Contrary to this assertion, however, as noted, Petitioner challenges the IJ's alleged failure to meaningfully

evaluate and weigh the evidence. The BIA is "well-equipped" to consider challenges to the IJ's decision and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D. Cal. Apr. 7, 2026) (citation omitted). To the extent Petitioner challenges how the IJ considered the evidence in his case, this is a case-specific claim about the adequacy of one decision in one proceeding, exactly the type of claim the BIA is designed to review. See Liu, 2026 WL 2178768, at *4.

Petitioner also has not shown he will suffer irreparable injury by waiting for a BIA decision. Reply at 9. This is an issue shared by all noncitizens in custody seeking review of their bond decisions. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to the bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: **AUGUST 3, 2026**

JOHN D. EARLY
United States Magistrate Judge